**Marshall Meyers (020584)**
**WEISBERG & MEYERS, LLC**
**5025 North Central Ave., #602**
**Phoenix, AZ 85012**
**602 445 9819**
**866 565 1327 facsimile**
**mmeyers@AttorneysForConsumers.com**
**Attorney for Plaintiff**

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gary Thompson, | ) Case No. |
| | ) |
| Plaintiff, | ) **COMPLAINT AND TRIAL BY JURY** |
| | ) **DEMAND** |
| vs. | ) |
| | ) |
| Creditone, LLC, | ) |
| | ) |
| | ) |
| Defendant. | ) |

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d).

## III. PARTIES

3. Plaintiff, Gary Thompson, is a natural person residing in Maricopa County.

4. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

5. Defendant, Creditone, LLC, is a corporation engaged in the business of collecting debts by use of the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

6. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6) trying to collect a "debt" as defined by 15 U.S.C. §1692(a)(5).

## IV.  FACTUAL ALLEGATIONS

7. At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt. Defendant's conduct violated the FDCPA in multiple ways, including but not limited to:

   a) Falsely representing the character, amount, or legal status of Plaintiffs debt, including representing that Plaintiff owed a payment of $25 on an alleged debt, where Plaintiff and Defendant had previously agreed to a payment plan of $10 per month and Plaintiff had honored the terms of that agreement through the date of the $25 demand. On or about July 2, 2009, Plaintiff and Defendant agreed to a payment arrangement for Plaintiff to pay the debt. The agreement, the terms of which were set out in a letter from Defendant to Plaintiff dated July 2, 2009, called for Plaintiff to pay $10 per month on or before the 15th of every month, starting in August, 2009. The agreement additionally provided that Defendant would cease adding interest to the account while such payments were made. The agreement was open-ended and was to continue until the debt was paid in

Complaint - 2

full. Plaintiff has paid and continues to pay on time pursuant to this arrangement, and has never been late or missed a payment. Nevertheless, Defendant has sent Plaintiff a letter dated March 15, 2010, which states that Plaintiff has a minimum payment due of $25. After receiving this letter, Plaintiff called Defendant, hoping to clear up the mistake. Instead of honoring the original terms, Defendant insisted during this telephone call that Plaintiff had been late in his payments and that is why the larger payments were being demanded. In addition to a misstatement of the debt, Defendants behavior as described in this paragraph also constituted a deceptive and unfair practice (§ 1692e(2)(A) & § 1692e(10) & § 1692f);

    b) Failing to notify Plaintiff during each collection contact that the communication was from a debt collector. Defendants letter to Plaintiff, dated March 15, 2010, does not include a statement indicating that the communication was from a debt collector (§ 1692e(11)).

8. Defendant's aforementioned violations of the FDCPA were conducted in a manner highly offensive to a reasonable person.

## COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

9. Plaintiff reincorporates by reference all of the preceding paragraphs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

Complaint - 3

A.   Declaratory judgment that Defendant's conduct violated the FDCPA;

B.   Actual damages;

C.   Statutory damages;

D.   Costs and reasonable attorney's fees; and,

E.   For such other and further relief as may be just and proper.

### **PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

Respectfully submitted this 11th day of May, 2010

By: s/ Marshall Meyers
Marshall Meyers (020584)
WEISBERG & MEYERS, LLC
5025 North Central Ave., #602
Phoenix, AZ 85012
602 445 9819
866 565 1327 facsimile
mmeyers@AttorneysForConsumers.com
Attorney for Plaintiff